IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JABBAR SACHET AL-KHAFAGI,<br><br>        Plaintiff,<br>  v.<br><br>CARI CRITES, Oregon State Correctional Institution (OSCI), Registered Nurse (RN); LORETTA IRVING, OSCI Medical Services Manager,<br><br>        Defendants. | Case No.: 3:19-cv-00669-AN<br><br>OPINION AND ORDER |

        Plaintiff Jabbar Al-Khafagi brings this action against defendants Cari Crites ("Crites") and Loretta Irving ("Irving"), alleging an Eighth Amendment claim under 42 U.S.C. § 1983. On November 18, 2024, plaintiff filed a Motion to Compel Production of Documents, ECF [208]. After reviewing the parties' pleadings, the Court finds that oral argument will not help resolve this matter. Local R. 7-1(d). For the following reasons, plaintiff's motion is GRANTED in part and DENIED in part.

## LEGAL STANDARD

        Federal Rule of Civil Procedure ("FRCP") 26(b)(1) provides:

> "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

Fed. R. Civ. P. 26(b)(1). District courts have "broad discretion" in determining whether information sought is relevant for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). The court must limit discovery if it is

1

"unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or if "the proposed discovery is outside the scope permitted by [FRCP] 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

A party may move for an order compelling a discovery response. Fed. R. Civ. P. 37(a)(3)(B). The movant has the initial burden of demonstrating the relevance of the discovery sought; the burden then shifts to the party opposing discovery to demonstrate why it should not be permitted. *Fed. Trade Comm'n v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 WL 3400098, at *1 (D. Or. July 12, 2024) (citation omitted).

## BACKGROUND

Plaintiff initially brought this action against defendants, Warren Roberts ("Roberts"), and Joe Bugher ("Bugher"), alleging inadequate and delayed medical care in violation of his Eighth Amendment right to be free from cruel and unusual punishment under 42 U.S.C. § 1983. On October 17, 2024, the Court, in relevant part, granted summary judgment as to plaintiff's claims against Dr. Roberts and Bugher and as to punitive damages. Op. & Order of October 17, 2024, ECF [195]. On October 18, 2024, plaintiff moved for reconsideration of the dismissal of Dr. Roberts as a defendant and punitive damages. Pl. Mot. for Recons. of Op. & Order, ECF [198]. On October 21, 2024, the five-day jury trial scheduled for October 22, 2024, was continued to February 10, 2025. Mins. of Proceedings of October 21, 2024, ECF [203]. The parties agreed to extend discovery upon such continuance. Unopposed Mot. to Continue Trial, ECF [202], at 3.

On October 25, 2024, plaintiff deposed Crites. Decl. Heather Van Meter Supp. Pl. Mot. to Compel Produc. of Docs. ("Van Meter Decl."), ECF [209], ¶ 3, Ex. 2. During her deposition, Crites testified that nonparty Krysta Lynch ("Lynch"), a key witness and former nurse at Oregon State Correctional Institution ("OSCI") who had treated plaintiff and been supervised by Irving, had exhibited disrespect towards adults in custody ("AICs"), and that Crites had reported Lynch's behavior to superiors. *Id.* at Ex. 2, 15:3-16:13; Pl. Mot. to Compel Produc. of Docs. ("Pl. Mot."), ECF [208], at 2.

On October 29, 2024, plaintiff issued a third request for production of documents to

defendants. Pl. Mot. 2; Van Meter Decl. ¶ 2, Ex. 1. In relevant part, plaintiff sought:

> "Complete personnel file[s] of [Krysta Lynch and Dr. Warren Roberts], including without limitation: (a) regular personnel file; (b) supervisory personnel file; (c) disciplinary file; (d) investigatory files; and (e) any and all other documents relating to employee investigation(s) involving or referencing [Krysta Lynch and Dr. Warren Roberts]. Personal identification information such as DOB, SSN, home address/phone, insurance enrollment forms, beneficiary information, emergency contacts may be redacted/omitted."

Pl. Mot. 3; Van Meter Decl. Ex. 1, at 4-5.

On November 1, 2024, plaintiff deposed Irving. Van Meter Decl. ¶ 4, Ex. 3. During her deposition, Irving testified that she would need to refer to Lynch's "file" to determine whether there were any issues with Lynch's performance. *Id.* at Ex. 3, 38:5-19.

On November 18, 2024, plaintiff moved for an order compelling defendants to produce the personnel files of Dr. Roberts and Lynch.

## DISCUSSION

As an initial matter, defendants argue that Dr. Roberts and Lynch's files fall outside the scope of discovery. Defendants argue that in granting the motion to continue trial, the Court functionally limited the scope of additional discovery to the extent stated in that motion—*i.e.*, "a few additional depositions" "of defendants, key witnesses, [p]laintiff, and probably the experts[.]" Defs. Resp. Pl. Mot. to Compel Produc. of Docs. ("Defs. Resp."), ECF [213], at 3; Unopposed Mot. to Continue Trial 3. Defendants argue that they "never understood the limited reopening of discovery as a means for [p]laintiff to gather additional support for [his] Motion for Reconsideration." Defs. Resp. 3.

The Court notes that the parties agreed to extend discovery in part because such discovery was "likely to significantly streamline the presentation of evidence at later trial or, better yet, further aid the parties [*sic*] settlement efforts." Unopposed Mot. to Continue Trial 3. Although the motion to continue trial contains examples of discovery that plaintiff's counsel would have undertaken if they had accepted *pro bono* assignment to the case before the close of discovery, the Court does not interpret the language in that motion to limit the scope of the extended discovery to only depositions. In the interests of justice and efficiency, the Court declines to deny plaintiff's motion on this basis.

3

A.   Dr. Roberts's Files

Plaintiff argues that Dr. Roberts's files are relevant to plaintiff's claims because Dr. Roberts testified in his deposition that he provided care to plaintiff, and plaintiff's medical care is at issue in this case. Defendants argue that Dr. Roberts's files are not relevant because Dr. Roberts was dismissed from this case and his files have no relevance in determining how defendants treated plaintiff.

As a general matter, plaintiff's argument that Dr. Roberts's files are relevant to plaintiff's claims of inadequate and delayed eye care is an attenuated one because Dr. Roberts is no longer a defendant in this action. This argument becomes even more attenuated where Dr. Roberts testified that the only medical care he provided directly to plaintiff was a neurosurgery consult given in relation to plaintiff's chronic back pain. *See* Defs. Resp. 4; Decl. Natalie M. Fisher Supp. Defs. Resp., ECF [214], Ex. 1, 18:18-19:13. As the Court ruled on plaintiff's seventh motion *in limine*, evidence of plaintiff's non-eye-related medical conditions is irrelevant and inadmissible except where those conditions are specifically relevant to plaintiff's eye conditions and treatment and to the extent offered by defendants as alternative sources of plaintiff's complaints of pain. Order of October 17, 2024, ECF [196], at 3. Although information need not be admissible to be discoverable, plaintiff does not describe how Dr. Roberts's neurosurgery consult related to plaintiff's back pain is in any way connected to plaintiff's eye conditions or treatment. Even assuming that Dr. Roberts's personnel files contain any information regarding Dr. Roberts's treatment of plaintiff, evidence of any treatment relating to plaintiff's back pain is not relevant to plaintiff's claims of inadequate and delayed medical care relating to his eye conditions. Accordingly, the Court denies plaintiff's motion with respect to the request for Dr. Roberts's files.

B.   Lynch's Files

Plaintiff argues that Lynch's files are relevant to plaintiff's claims because Lynch provided medical care to plaintiff and that Lynch's disregard of AICs, as exhibited in her email to Crites and as Crites testified in her deposition, relates to the medical care that Lynch and others provided to plaintiff. Plaintiff argues that Irving also testified that she would need to refer to Lynch's "file" to determine whether there were any issues with Lynch's performance, confirming that the requested documents will contain relevant

4

information. Defendants argue that at most, a small portion of Lynch's files could have "a small glimmer of relevance" to plaintiff's claims, but this does not justify their production. Defs. Resp. 7.

Although Lynch's files would likely not reveal anything relevant to plaintiff's claims against Crites, the files could reveal information relevant to plaintiff's claims against Irving. Lynch provided medical care to plaintiff, and Irving was Lynch's direct supervisor. Defendants acknowledge that Lynch's files could reflect how Irving supervised Lynch or the degree to which Irving was on notice of Lynch's behavior. Although the theories of supervisory liability under § 1983 are narrow, *see Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011), plaintiff is still entitled to discovery of information that is relevant to plaintiff's claims of inadequate and delayed medical care against Irving. Moreover, plaintiff's five requested categories of documents appear proportional to the needs of the case. Accordingly, the Court grants plaintiff's motion with respect to the request for Lynch's files.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion to Compel Production of Documents, ECF [208], is GRANTED in part and DENIED in part. Defendants must produce Lynch's files as requested in plaintiff's third request for production within fourteen (14) days of this Order.

IT IS SO ORDERED.

DATED this 5th day of December, 2024.

_____
Adrienne Nelson
United States District Judge